**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN RINCON, | No. 14-55331 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-10583-PJW |
| v. | MEMORANDUM* |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted February 1, 2016
Pasadena, California

Before: PAEZ and M. SMITH, Circuit Judges, and SILVER, Senior District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Roslyn O. Silver, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Martin Rincon appeals the district court's judgment affirming the Commissioner of Social Security's denial of his application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

Rincon first argues the Administrative Law Judge ("ALJ") erred in rejecting the opinion of Dr. Ross, Rincon's treating physician. The ALJ relied on the opinion of an examining physician and other evidence in the record in concluding Dr. Ross's opinion should be discounted. By doing so, the ALJ provided the requisite "specific, legitimate reasons based on substantial evidence in the record" for rejecting Dr. Ross's opinion. *Id.* at 1111. Any conflicts between Dr. Ross's opinion, the opinion of the examining physician, and the other evidence were for the ALJ to resolve. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Rincon next argues the ALJ erred in rejecting the opinion of an examining physician, Dr. Ritvo, regarding Rincon's mental health. The ALJ relied on the opinion of a different examining physician, the testimony of a mental health expert at the hearing, and other evidence in the record in reaching her conclusions regarding Rincon's mental health. The ALJ did not err. *Molina*, 674 F.3d at 1111.

Rincon also argues the ALJ erred in accepting the Vocational Expert's ("VE") testimony. According to Rincon, the VE's testimony conflicted with agency policy. That is not accurate. The agency policy does not require that limitations on the ability to stoop and use of a cane result in a finding of disability. *See* SSR 96-9p, 61 Fed. Reg. 34478-01, 34482 (July 2, 1996) ("[R]estriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work."); *id.* (observing that "an individual who uses a medically required hand-held assistive device" may be able to perform sedentary unskilled occupations). The VE took into account Rincon's limitations when determining the type of jobs Rincon could still perform.

Finally, Rincon argues the ALJ erred by relying on the VE's testimony regarding the number of available jobs. At the hearing before the ALJ, Rincon's counsel did not challenge the VE's expertise. "A VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Thus, there was an adequate basis for the VE's testimony regarding the number of jobs available. Moreover, any error regarding the number of available jobs of a particular type was harmless in that Rincon did not challenge the VE's testimony regarding the number of other types

3

of jobs available.  *Molina*, 674 F.3d at 1111 ("[W]e may not reverse an ALJ's decision on account of an error that is harmless.").

**AFFIRMED.**